RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/15 BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARCHIE LOUIS CARTER (#453058) | DOCKET NO. 15-CV-0095; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Petitioner Archie Louis Carter, through counsel, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Petitioner attacks a 2007 conviction in the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

In April 2007, a jury found Petitioner, Archie Louis Carter, guilty of possession of codeine, possession with intent to distribute hydrocodone, obstruction of justice, possession of marijuana in an amount greater than sixty pounds but less than two thousand pounds, and conspiracy to distribute marijuana. The trial court sentenced Petitioner to five years on each of the first three convictions, thirty years on the fourth, and ten years on the fifth. All sentences were to run concurrently. See State v.

Carter, 12 So.3d 1091, 2008-1469 (La.App. 3 Cir. 6/3/09).  On direct appeal, the Third Circuit reversed Petitioner's conviction for possession of codeine and for possession of marijuana in an amount greater than sixty pounds but less than two thousand pounds, and the sentences for those two convictions were vacated.  The other convictions and sentences were affirmed.  See State v. Carter, 07-1237 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, writ denied, 08-1083 (La.1/9/09), 998 So.2d 712.

Two days after the Third Circuit Court of Appeals affirmed the three remaining convictions and sentences, the State filed a multiple offender bill.  See State v. Carter, 12 So.3d 1091, 2008-1469 (La.App. 3 Cir. 6/3/09).  At a hearing on July 14, 2008, the trial court adjudicated Petitioner a second offender, vacated his prior sentences and resentenced him to twenty years at hard labor for possession with intent to distribute hydrocodone, ten years at hard labor for obstruction of justice, and twenty-five years at hard labor for conspiracy to distribute marijuana, all to run concurrently, and with credit for time served.  See id., at 1093.  Petitioner appealed on the grounds that his adjudication was improper and his sentences were excessive.  The Third Circuit affirmed, 12 So.3d 1091, 2008-1469 (La.App. 3 Cir. 6/3/09), and the Louisiana Supreme Court denied writs, 28 So.3d 1004, 2009-1521 (La. 3/5/10).  Petitioner did not seek further review in the United States Supreme Court.

Petitioner states that he filed an application for post-conviction relief in the Ninth Judicial District Court on July 13, 2011. The application was denied on August 11, 2011. Petitioner filed a writ application in the appellate court, which was denied on June 25, 2012. See State v. Carter, 11-KH-1097 (6/25/12). He filed a writ application in the Louisiana Supreme Court, which was denied on November 9, 2012. See State ex rel. Carter v. State, 100 So.3d 833, 2012-1630 (La. 11/9/12).

### *Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). **However, any lapse of time**

**before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.** See <u>Villegas v. Johnson</u>, 184 F.3d 467, 472 (5th Cir. 1999), <u>citing</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir. 1998). **Of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.** See <u>Johnson v. Quarterman</u>, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation sua sponte. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction became final for AEDPA purposes, at the latest, on or around **June 5, 2010,** ninety days after the denial of writs by the Louisiana Supreme Court in <u>State v. Carter</u>, 28 So.3d 1004, 2009-1521 (La. 3/5/10). Petitioner filed his application for post-conviction relief on **July 13, 2011,** which remained pending until the Louisiana Supreme Court denied writs on **November 9, 2012.** As stated above, the lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. More than one year passed from the date Petitioner's conviction and sentence became final to the date his application for post-conviction relief was filed. Thus, Petitioner would not be entitled to the benefit of statutory tolling, and his §2254 petition is time-barred on its face.

Petitioner claims, however, that he is entitled to equitable

tolling under Holland v. Florida, 560 U.S. 631 (2010), for the time periods in which he was held in segregation on unfounded disciplinary charges during the years 2010 and 2011.

The AEDPA's one-year statute of limitations can, **in rare and exceptional circumstances**, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner seeks equitable tolling for a period of time prior to filing his application for post-conviction relief in which he was, allegedly, wrongfully held in segregation. Petitioner has not provided support for his argument that confinement in segregation qualifies for equitable tolling. Cf. Fisher v. Johnson, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in

psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); <u>Ramirez v. Yates</u>, 571 F.3d 993, 998 (9th Cir. 2009)(petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library); <u>Dodd v. United States</u>, 365 F.3d 1273, 1283 (11th Cir.), <u>cert. denied</u>, 543 U.S. 999 (2004) ("lockdowns and 'periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate"); <u>Montenegro v. United States</u>, 248 F.3d 585, 594 (7th Cir. 2001) (attorney's nonresponsiveness, prisoner's ignorance of the law and prison transfer do not warrant equitable tolling).

Even if Petitioner was entitled to equitable tolling for the period requested, from 2010, until his release from segregation in April 2011, and while his post-conviction application was pending, his petition is still untimely. **The limitations period can only be tolled for as long as the state application remains pending in the state's courts**. See <u>Johnson v. Quarterman</u>, 483 F.3d 278 (5th Cir. 2007). In this case, more than one year passed from the conclusion of post-conviction review on November 9, 2012, to the date the instant petition was filed on January 19, 2015. Thus, even if Petitioner was given all the credit he requested, his 2254 petition would still be time-barred.

More than two un-tolled years passed from the November 9, 2012, writ denial before Petitioner filed his petition for writ of habeas corpus in this Court. Thus, the instant petition, even if Petitioner were entitled to equitable tolling while in segregation, was clearly filed after the expiration of the one-year statute of limitations.

For the forgoing reasons, **IT IS RECOMMENDED** that this petition for *writ of habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  <u>See</u> 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this ___ day of January, 2015.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```